## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

LEVI EICHENSTEIN and MIRIAM
EICHENSTEIN,

                    Plaintiffs,

             v.

EXPERIAN INFORMATION SOLUTIONS, INC.;
and STERLING NATIONAL BANK AND TRUST
COMPANY F/K/A ASTORIA FEDERAL
SAVINGS

                    Defendants.

Case No. 18-cv-04359-AMD-RLM

ECF Case

## EXPERIAN INFORMATION SOLUTIONS, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Experian Information Solutions, Inc. ("Experian"), by and through its

undersigned counsel, and in answer to the Complaint ("Complaint") of Plaintiffs Levi

Eichenstein and Miriam Eichenstein ("Plaintiffs"), states as follows:

## JURISDICTION AND VENUE

1.       In response to Paragraph 1 of the Complaint, Experian states that Plaintiffs have

alleged jurisdiction based on 28 USC § 1367 and 15 U.S.C. 1681p *et seq.*  Experian states that

this allegation is a legal conclusion which is not subject to denial or admission.

2.       In response to Paragraph 2 of the Complaint, Experian states that Plaintiffs have

alleged venue is proper pursuant to 28 U.S.C. § 1391(b)(2).  Experian states that this allegation is

a legal conclusion which is not subject to denial or admission.

3.       In response to Paragraph 3 of the Complaint, Experian admits that Plaintiffs have

alleged claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

Experian further states that, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 3.

## PARTIES

4.      In response to Paragraph 4 of the Complaint, Experian admits, upon information and belief, that Plaintiffs reside in Brooklyn, NY.

5.      In response to Paragraph 5 of the Complaint, Experian admits, upon information and belief, that Plaintiffs are a "consumer" within the meaning of 15 U.S.C. § 1681a(c).

6.      In response to Paragraph 6 of the Complaint, Experian admits that it is an Ohio corporation, with its principal place of business in Costa Mesa, California.  Experian further admits that it is a "consumer reporting agency" as that term is defined in 15 U.S.C. § 1681a(f). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 6 of the Complaint.

7.      In response to Paragraph 7 of the Complaint, admits that it is a "consumer reporting agency" as that term is defined in 15 U.S.C. § 1681a(f).  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 7 of the Complaint.

8.      In response to Paragraph 8 of the Complaint, Experian admits that it is a "consumer reporting agency" as that term is defined in 15 U.S.C. § 1681a(f).  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 8 of the Complaint.

9.     In response to Paragraph 9 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## FACTUAL ALLEGATIONS

10.     In response to Paragraph 10 of the Complaint, Experian incorporates by reference, as if fully set forth herein, Paragraph 1 to Paragraph 9.  To the extent not already answered, Experian denies, generally and specifically, each and every allegation contained in Paragraph 10 of the Complaint.

11.     In response to Paragraph 11 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12.     In response to Paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13.     In response to Paragraph 13 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14.     In response to Paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15.     In response to Paragraph 15 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

16.     In response to Paragraph 16 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17.     In response to Paragraph 17 of the Complaint, Experian states that the allegations of Paragraph 17 are vague as to the alleged "consumer reports" and therefore Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18.     As to the allegations in Paragraph 18 of the Complaint that relate to other entities, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of Paragraph 18 of the Complaint.  In response to Paragraph 18 of the Complaint, Experian denies, generally and specifically, each and every remaining allegation contained therein.

19.     As to the allegations in Paragraph 19 of the Complaint that relate to other entities, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of Paragraph 19 of the Complaint.  In response to Paragraph 19 of the Complaint, Experian denies, generally and specifically, each and every remaining allegation contained therein.

20.     In response to Paragraph 20 of the Complaint, Experian admits it received a letter dated March 12, 2018.  Experian states that the March 12, 2018 letter speaks for itself and Experian denies the allegations of Paragraph 20 to the extent they are inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 20 of the Complaint.

21.     In response to Paragraph 21 of the Complaint, Experian admits it received a letter dated March 12, 2018.  Experian states that the March 12, 2018 letter speaks for itself and Experian denies the allegations of Paragraph 21 to the extent they are inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 21 of the Complaint.

22.     In response to Paragraph 22 of the Complaint, Experian admits it sent correspondence to Defendant Sterling National Bank and Trust Company regarding Plaintiff Levi Eichenstein's March 12, 2018 letter.   Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 22 of the Complaint.

23.     In response to Paragraph 23 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

24.     In response to Paragraph 24 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

25.     In response to Paragraph 25 of the Complaint, Experian admits it sent Levi Eichenstein a consumer disclosure dated March 28, 2018.  Experian states that the March 28, 2018 consumer disclosure speaks for itself and Experian denies the allegations of Paragraph 25 to the extent they are inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 25 of the Complaint.

26.     In response to Paragraph 26 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

27.     As to the allegations in Paragraph 27 of the Complaint that relate to other entities, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of Paragraph 27 of the Complaint.  In response to Paragraph 27 of the Complaint, Experian denies, generally and specifically, each and every remaining allegation contained therein.

28.     As to the allegations in Paragraph 28 of the Complaint that relate to other entities, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of Paragraph 28 of the Complaint.  In response to Paragraph 28 of the Complaint, Experian denies, generally and specifically, each and every remaining allegation contained therein.

29.     In response to Paragraph 29 of the Complaint, Experian admits it received a letter from Plaintiff Levi Eichenstein dated May 9, 2018.  Experian states that the May 9, 2018 letter speaks for itself and Experian denies the allegations of Paragraph 29 to the extent they are inconsistent therewith. As to the allegations in Paragraph 29 of the Complaint that relate to other entities, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of Paragraph 29 of the Complaint. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 29 of the Complaint.

30.     In response to Paragraph 30 of the Complaint, Experian admits it received a letter from Plaintiff Levi Eichenstein dated May 9, 2018.  Experian states that the May 9, 2018 letter speaks for itself and Experian denies the allegations of Paragraph 30 to the extent they are inconsistent therewith.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 30 of the Complaint.

31.     In response to Paragraph 31 of the Complaint, Experian admits it received a letter from Plaintiff Miriam Eichenstein dated May 12, 2018.  Experian states that the May 12, 2018 letter speaks for itself and Experian denies the allegations of Paragraph 31 to the extent they are inconsistent therewith.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 31 of the Complaint.

32.     In response to Paragraph 32 of the Complaint, Experian states that the May 9, 2018 and May 12, 2018 letters received from Plaintiffs speak for themselves and Experian denies the allegations of Paragraph 32 to the extent they are inconsistent therewith.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 32 of the Complaint.

33.     In response to Paragraph 33 of the Complaint, Experian admits that it sent correspondence to Defendant Sterling National Bank and Trust Company regarding Plaintiffs' May 9, 2018 and May 12, 2018 letters to Experian.   Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 33 of the Complaint.

34.     In response to Paragraph 34 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

35.     In response to Paragraph 35 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

36.     In response to Paragraph 36 of the Complaint, Experian admits it sent Plaintiff Levi Eichenstein a consumer disclosure dated June 15, 2018.  Experian states that the June 15, 2018 consumer disclosure speaks for itself and Experian denies the allegations of Paragraph 36 to the extent they are inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 36 of the Complaint.

37.     In response to Paragraph 37 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

38.     As to the allegations in Paragraph 38 of the Complaint that relate to other entities, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of Paragraph 38 of the Complaint.  In response to Paragraph 38 of the Complaint, Experian denies, generally and specifically, each and every remaining allegation contained therein.

39.     As to the allegations in Paragraph 39 of the Complaint that relate to other entities, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of Paragraph 39 of the Complaint.  In response to Paragraph 39 of the Complaint, Experian denies, generally and specifically, each and every remaining allegation contained therein.

## **FIRST CAUSE OF ACTION**

40.     In response to Paragraph 40 of the Complaint, Experian incorporates by reference, as if fully set forth herein, Paragraph 1 to Paragraph 39.  To the extent not already answered, Experian denies, generally and specifically, each and every allegation contained in Paragraph 40 of the Complaint.

41.     In response to Paragraph 41 of the Complaint, Experian admits that Plaintiffs have alleged claims under the FCRA, 15 U.S.C. § 1681 *et seq*.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 41.

42.     In response to Paragraph 42 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

43.     In response to Paragraph 43 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

44.     In response to Paragraph 44 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

45.     In response to Paragraph 45 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

46.     In response to Paragraph 46 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

In response to the Wherefore paragraph appearing after Paragraph 46 of the Complaint, Experian denies that Plaintiffs are entitled to any damages, costs, fees or other relief from or against Experian.

## SECOND CAUSE OF ACTION

47.     In response to Paragraph 47 of the Complaint, Experian incorporates by reference, as if fully set forth herein, Paragraph 1 to Paragraph 46.  To the extent not already answered, Experian denies, generally and specifically, each and every allegation contained in Paragraph 47 of the Complaint.

48.     In response to Paragraph 48 of the Complaint, Experian admits that Plaintiffs have alleged claims under the FCRA, 15 U.S.C. § 1681 et seq.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 48.

49.     In response to Paragraph 49 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

50.     In response to Paragraph 50 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

51.     In response to Paragraph 51 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

52.     In response to Paragraph 52 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

53.     In response to Paragraph 53 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

In response to the Wherefore paragraph appearing after Paragraph 53 of the Complaint, Experian denies that Plaintiffs are entitled to any damages, costs, fees or other relief from or against Experian.

## **THIRD CAUSE OF ACTION**

54.     In response to Paragraph 54 of the Complaint, Experian incorporates by reference, as if fully set forth herein, Paragraph 1 to Paragraph 53.  To the extent not already answered, Experian denies, generally and specifically, each and every allegation contained in Paragraph 54 of the Complaint.

55.     In response to Paragraph 55 of the Complaint, Experian admits that Plaintiff has alleged claims under the FCRA, 15 U.S.C. § 1681 *et seq*.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 55.

56.     In response to Paragraph 56 of the Complaint, Experian states that the FCRA speaks for itself and Experian denies the allegations of Paragraph 56 to the extent they are inconsistent therewith.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 56 of the Complaint.

57.     In response to Paragraph 57 of the Complaint, Experian states that the FCRA speaks for itself and Experian denies the allegations of Paragraph 57 to the extent they are inconsistent therewith.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 57 of the Complaint.

58.     In response to Paragraph 58 of the Complaint, Experian states that the FCRA speaks for itself and Experian denies the allegations of Paragraph 58 to the extent they are inconsistent therewith.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 58 of the Complaint.

59.     In response to Paragraph 59 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

60.     In response to Paragraph 60 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

61.     In response to Paragraph 61 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

62.     In response to Paragraph 62 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

63.     In response to Paragraph 63 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

In response to the Wherefore paragraph appearing after Paragraph 63 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## FOURTH CAUSE OF ACTION

64.     In response to Paragraph 64 of the Complaint, Experian incorporates by reference, as if fully set forth herein, Paragraph 1 to Paragraph 63.  To the extent not already answered, Experian denies, generally and specifically, each and every allegation contained in Paragraph 64 of the Complaint.

65.     In response to Paragraph 65 of the Complaint, Experian admits that Plaintiffs have alleged claims under the FCRA, 15 U.S.C. § 1681 *et seq*.  Except as specifically admitted,

Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 65.

66.    In response to Paragraph 66 of the Complaint, Experian states that the FCRA speaks for itself and Experian denies the allegations of Paragraph 66 to the extent they are inconsistent therewith.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 66 of the Complaint.

67.    In response to Paragraph 67 of the Complaint, Experian states that the FCRA speaks for itself and Experian denies the allegations of Paragraph 67 to the extent they are inconsistent therewith.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 67 of the Complaint.

68.    In response to Paragraph 68 of the Complaint, Experian states that the FCRA speaks for itself and Experian denies the allegations of Paragraph 68 to the extent they are inconsistent therewith.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 68 of the Complaint.

69.    In response to Paragraph 69 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

70.    In response to Paragraph 70 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

71.    In response to Paragraph 71 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

72.     In response to Paragraph 72 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

73.     In response to Paragraph 73 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

74.     In response to Paragraph 74 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

In response to the Wherefore paragraph appearing after Paragraph 74 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## <u>DEMAND FOR TRIAL BY JURY</u>

75.     Experian admits that Plaintiffs have demanded trial by jury on all issues triable. Experian further denies that Plaintiffs are entitled to relief on all causes of action.

## <u>PRAYER FOR RELIEF</u>

In response to the Wherefore paragraph appearing after the Demand For Trial By Jury in the Complaint, Experian denies that Plaintiffs are entitled to any damages, costs, fees or other relief from or against Experian.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiffs to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE

All of Plaintiffs' claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

### THIRD AFFIRMATIVE DEFENSE

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiffs was true.

### FOURTH AFFIRMATIVE DEFENSE

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiffs are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint and each claim for relief therein are barred by laches.

### SEVENTH AFFIRMATIVE DEFENSE

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiffs were, at least in part, caused by the actions of Plaintiffs and/or third parties and

resulted from Plaintiffs' or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## EIGHTH AFFIRMATIVE DEFENSE

Any damages which Plaintiffs may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiffs.  Therefore, Plaintiffs are estopped and barred from recovery of any damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages were not caused by Experian, but by an independent intervening cause.

## TENTH AFFIRMATIVE DEFENSE

Any claims for exemplary or punitive damages violate Experian's rights under the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and analogous provisions of any applicable State Constitutions.

\* \* \*

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.  Experian reserves its right to amend this Answer to assert those defenses.

**WHEREFORE**, Defendant Experian Information Solutions, Inc. prays as follows:

(1)     That Plaintiffs take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)     For costs of suit and attorneys' fees herein incurred; and

(3)     For such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        October 10, 2018

Respectfully submitted

/s/ *Brittany S. Zimmer*
Brittany S. Zimmer
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3406
bzimmer@jonesday.com

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on October 10, 2018, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system.

_/s/ Brittany S. Zimmer_

Brittany S. Zimmer