Ronald M. Neumann, Esq.
David S.S Hamilton, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400

Attorneys for Defendant
*Sterling National Bank*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Levi Eichenstein and Miriam Eichenstein,<br><br>       Plaintiffs,<br><br>    - against -<br><br>Experian Information Solutions, Inc.<br>Sterling National Bank and Trust Company f/k/a Astoria Federal Savings,<br><br>       Defendants. | Case No.: 18 CV 4359 AMD-RLM<br><br>**ANSWER** |

Defendant Sterling National Bank, successor by merger to Astoria Bank, incorrectly sued herein as "Sterling National Bank and Trust Company f/k/a Astoria Federal Savings" ("Sterling"), by its attorneys, answers the complaint, upon information and belief, as follows:

  1.  It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint, except it respectfully refers conclusions of law to the Court.

986299

2. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the complaint, except it respectfully refers conclusions of law to the Court.

3. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint, except that Plaintiffs have alleged claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and it respectfully refers conclusions of law to the Court.

4. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint.

5. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint, except it respectfully refers conclusions of law to the Court.

6. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint, except it respectfully refers conclusions of law to the Court.

7. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint, except it respectfully refers conclusions of law to the Court.

8. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint.

9. It denies the allegations contained in paragraph 9 of the complaint, except admits it responds to inquiries from consumer reporting agencies, and it respectfully refers conclusion of law to the Court and denies that it has an address for service at 350 East 79th Street, New York, New York.

10. In response to paragraph 10 of the complaint, it repeats, realleges and reiterates the responses to paragraphs 1-9 of the complaint as if fully set forth herein.

11. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint.

12. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint, except states that the referenced account was an account held jointly by plaintiffs and it respectfully refers conclusions of law to the Court.

13. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the complaint, except that Astoria commenced an action against plaintiffs alleging a debt based on an overdraft in plaintiffs' bank account with Astoria.

14. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint, except the caption of the lawsuit referenced in paragraph 13 of the complaint was <u>Astoria Federal Savings & Loan Association v. Levi Eichenstein [and] Miriam Eichenstein</u>, Court Index Number 38791/13 (the "Civil Court Action").

15. It denies the allegations contained in paragraph 15 of the complaint, except the Civil Court Action was dismissed with prejudice and the dismissal was not on the merits because the Court made no finding or determination concerning the existence or amount of plaintiffs' overdraft.

16. It denies the allegations contained in paragraph 16 of the complaint, except Astoria Bank was merged into Sterling National Bank.

17. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the complaint.

18. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the complaint, except it denies the allegations alleged against Sterling.

19. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the complaint, except it denies the allegations alleged against Sterling.

20. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the complaint.

21. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the complaint, except admits that the Civil Court Action was dismissed and avers the dismissal was not on the merits because the Court made no finding or determination concerning the existence or amount of plaintiffs' overdraft.

22. It denies the allegations contained in paragraph 22 of the complaint, except states the term "dispute" as used in this paragraph of the complaint is vague and therefore it has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 concerning the dispute, and upon information and belief it received a copy of a letter from Levi Eichenstein to Experian, dated March 12, 2018, concerning the disposition of the Civil Court Action.

23. It denies the allegations contained in paragraph 23 of the complaint.

24. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the complaint.

25. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the complaint.

26.    It denies the allegations contained in paragraph 26 of the complaint.

27.    It denies the allegations contained in paragraph 27 of the complaint.

28.    It denies the allegations contained in paragraph 28 of the complaint.

29.    It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the complaint, except upon information and belief it received a copy of letters from Levi Eichenstein and Miriam Eichenstein to Experian, dated May 9, 2018 concerning the disposition of the Civil Court Action.

30.    It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the complaint and refers the Court to the referenced letter for its content.

31.    It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the complaint, except upon information and belief, it received a copy of a letter from Miriam Eichenstein to Experian, dated May 9, 2018, concerning the disposition of the Civil Court Action.

32. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the complaint, and refers the Court to the referenced letters for the content thereof.

33. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the complaint, except upon information and belief it received a copy of letters from Levi Eichenstein and Miriam Eichenstein to Experian, dated May 9, 2018, concerning the disposition of the Civil Court Action.

34. It denies the allegations contained in paragraph 34 of the complaint.

35. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the complaint.

36. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the complaint.

37. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the complaint, except it denies the allegations alleged against Sterling.

38. It denies the allegations contained in paragraph 38 of the complaint.

39. It denies the allegations contained in paragraph 39 of the complaint.

40. In response to paragraph 40 of the complaint, it repeats, realleges and reiterates the responses to paragraphs 1-39 of the complaint as if fully set forth herein.

41. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the complaint, except it respectfully refers conclusions of law to the Court and admits that the complaint alleges a claim for willful violation of the FCRA.

42. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the complaint.

43. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the complaint.

44. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the complaint.

45. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the complaint, except it respectfully refers conclusions of law to the Court.

46. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the complaint, except it respectfully refers conclusions of law to the Court.

47. In response to paragraph 47 of the complaint, it repeats, realleges and reiterates the responses to paragraphs 1-46 of the complaint as if fully set forth herein.

48. It denies the allegations contained in paragraph 48 of the complaint, except admits that the complaint alleges a claim for negligent violation of the FCRA.

49. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the complaint, except it respectfully refers conclusions of law to the Court.

50. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the complaint, except it respectfully refers conclusions of law to the Court.

51. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the complaint.

52. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the complaint, except it respectfully refers conclusions of law to the Court.

53. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the complaint, except it respectfully refers conclusions of law to the Court.

54. In response to paragraph 54 of the complaint, it repeats, realleges and reiterates the responses to paragraphs 1-53 of the Complaint as if fully set forth herein.

55. It denies the allegations contained in paragraph 55 of the complaint, except admits that the complaint alleges a claim for willful violation of the FCRA.

56. It states that the provisions of the FRCA speak for themselves and refers the Court to those provisions for their content and interpretation, and otherwise has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the complaint.

57. It states that the provisions of the FRCA speak for themselves and refers the Court to those provisions for their content and interpretation, and otherwise has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the complaint.

58. It states that the provisions of the FRCA speak for themselves and refers the Court to those provisions for their content and interpretation, and otherwise has

no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the complaint.

59. It denies the allegations contained in paragraph 59 of the complaint.

60. It denies the allegations contained in paragraph 60 of the complaint and refers the Court to the referenced documents for the content thereof.

61. It denies the allegations contained in paragraph 61 of the complaint.

62. It denies the allegations contained in paragraph 62 of the complaint.

63. It denies the allegations contained in paragraph 63 of the complaint.

64. In response to paragraph 64 of the complaint, it repeats, realleges and reiterates the responses to paragraphs 1-63 of the complaint as if fully set forth herein.

65. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the complaint, except admits that the complaint alleges a claim for negligent violation of the FCRA.

66. It states that the provisions of the FRCA speak for themselves and refers the Court to those provisions for their content and interpretation, and otherwise has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the complaint.

67. It states that the provisions of the FRCA speak for themselves and refers the Court to those provisions for their content and interpretation, and otherwise has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the complaint.

68. It states that the provisions of the FRCA speak for themselves and refers the Court to those provisions for their content and interpretation, and otherwise has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the complaint.

69. It denies the allegations contained in paragraph 69 of the complaint.

70. It denies the allegations contained in paragraph 70 of the complaint.

71. It states that the provisions of the FRCA speak for themselves and refers the Court to those provisions for their content and interpretation, and otherwise denies the allegations contained in paragraph 71 of the complaint.

72. It denies the allegations contained in paragraph 72 of the complaint.

73. It denies the allegations contained in paragraph 73 of the complaint.

74. It denies the allegations contained in paragraph 74 of the complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

75. Plaintiffs fail to state a claim upon which relief may be granted against Sterling.

### SECOND AFFIRMATIVE DEFENSE

76. Plaintiffs fail to state a claim for willful violation of the FCRA against Sterling.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim for negligent violation of the FCRA against Sterling.

### FOURTH AFFIRMATIVE DEFENSE

77. Plaintiffs fail to state a claim for actual damages under 15 U.S.C. §1681o(a) against Sterling.

78. Plaintiffs fail to state a claim for actual damages under 15 U.S.C. §1640(a)(1) against Sterling.

### FIFTH AFFIRMATIVE DEFENSE

79. Plaintiffs fail to state a claim for statutory damages under 15 U.S.C. §1681n(a) against Sterling.

### SIXTH AFFIRMATIVE DEFENSE

80. Plaintiffs fail to state a claim for statutory damages under 15 U.S.C. §1640(a)(2) against Sterling.

### SEVENTH AFFIRMATIVE DEFENSE

81. Plaintiffs fail to state a claim for punitive damages under 15 U.S.C. §1640n(a)(2) against Sterling.

### EIGHTH AFFIRMATIVE DEFENSE

82. Plaintiffs fail to state a claim for attorney fees and costs under 15 U.S.C. §§1640n(a)(3), 1681o(a)(2) and 1640(a)(3) against Sterling.

## NINTH AFFIRMATIVE DEFENSE

83. Plaintiffs fail to state a claim for injunctive relief against Sterling.

## TENTH AFFIRMATIVE DEFENSE

84. Any purported damages allegedly suffered by plaintiffs are the results of the acts or omissions of third persons over whom Sterling had neither control nor responsibility.

## ELEVENTH AFFIRMATIVE DEFENSE

85. Any action taken that allegedly adversely affected plaintiffs was taken in good faith and for legitimate business reasons.

## TWELFTH AFFIRMATIVE DEFENSE

86. The complaint is precluded because all the information provided by Sterling to Experian was true.

## THIRTEENTH AFFIRMATIVE DEFENSE

87. The complaint is precluded to the extent of the qualified immunity pursuant provided to Sterling by 15 U.S.C. § 1681(h)(e).

## FOURTEENTH AFFIRMATIVE DEFENSE

88. Plaintiffs have failed to mitigate their damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

89. The complaint and each claim for relief therein are barred by laches.

## SIXTEENTH AFFIRMATIVE DEFENSE

90. The complaint is barred by the applicable statute of limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

91. Any alleged damages sustained by plaintiffs were, in whole or in part, caused by the actions of plaintiffs themselves and resulted from plaintiffs' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Sterling.

## EIGHTEENTH AFFIRMATIVE DEFENSE

92. Any damages which plaintiffs may have suffered, which Sterling continues to deny, were the direct and proximate result of the conduct of plaintiffs. Therefore, plaintiffs are estopped and barred from recovery of any damages from Sterling.

## NINETEENTH AFFIRMATIVE DEFENSE

93. If plaintiffs sustained any of the damages alleged in the complaint, there was an intervening, superseding cause and/or causes leading to such alleged

damages and, as such, any action on the part of Sterling was not a proximate cause of the alleged injuries.

### TWENTIETH AFFIRMATIVE DEFENSE

94. The complaint and each claim for relief therein are precluded by the equitable doctrine of unclean hands.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

95. Plaintiffs' claim for punitive damages violates Sterling's rights under the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and analogous provisions of the New York State Constitution.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

96. Sterling reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant Sterling demands judgment against plaintiffs as follows:

1. Dismissing the complaint with prejudice;

2. Awarding Sterling costs and attorneys' fees; and

3. Awarding Sterling such other and further relief as this Court deems just and proper.

Dated: New York, New York
October 25, 2018

ZEICHNER ELLMAN & KRAUSE LLP

By: /s/ Ronald M. Neumann
Ronald M. Neumann
David S.S. Hamilton
Attorneys for Defendant
 Sterling National Bank
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400